849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Federico J. HEADLEY, Plaintiff-Appellant,
v.
Edward W. MURRAY; James Tinney; Janice T. Dow; Thomas
Parlett; William P. Rogers; Fred Jordan,
Defendants-Appellees.
 No. 87-7718.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 15, 1988.
Decided: May 31, 1988.
 
 Federico J. Headley, appellant pro se.
 Alan Katz, Office of the Attorney General of Virginia, for appellees.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Federico J. Headley, a Virginia prisoner, appeals the district court's grant of summary judgment for the defendants in Headley's 42 U.S.C. Sec. 1983 action. In his complaint, Headley alleged that he was improperly detained in an office by James Tinney, a Powhatan Correctional Center rehabilitation counselor. He claimed that Tinney's actions and the unresponsiveness of several other prison officials to his complaints violated his constitutional rights under the first, fifth, sixth, eighth, and fourteenth amendments. We affirm the judgment of the district court.
 
 
 2
 Headley does not explain how the defendants' conduct violated his rights under the first, fifth, sixth, and eighth amendments. Our independent review of the record reveals that there was no genuine issue of material fact concerning whether the defendants violated these constitutional amendments and that the defendants were entitled to judgment on these claims as a matter of law. Fed.R.Civ.P. 56(c). As Headley seems to complain most vociferously about the adequacy of the defendants' rehabilitation programs, we would add that there is no constitutional right to rehabilitation. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir.1977).
 
 
 3
 Headley also complains that Tinney deprived him of liberty without due process of law by preventing him from leaving Tinney's office. He alleges that Tinney, a "none custodial" employee, had no authority to confine Headley in his office.
 
 
 4
 Headley had no right independently protected by the Constitution not to be confined in the rehabilitation counselor's office. Such confinements are among the restrictions that any prisoner can expect during his incarceration. Compare Hewitt v. Helms, 459 U.S. 460, 468 (1983) (no independently protected constitutional right not to be placed in administrative segregation) with Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (involuntary commitment to a mental hospital implicates a liberty interest protected by the Constitution regardless of state procedural protections).
 
 
 5
 Assuming that Headley could prove a state-created liberty interest in remaining free from confinement in Tinney's office, his allegations indicate that the alleged deprivation was the result of the counselor's random and unauthorized act. Thus, if the state provided an adequate post-deprivation remedy, Headley had no federal constitutional claim. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir.1985) (adequate state remedy defeats due process claim based on deprivation of liberty); cf. Hudson v. Palmer, 468 U.S. 517 (1984) (adequate state remedy defeats due process claim based on random and unauthorized intentional deprivation of property).
 
 
 6
 As the district court found, Headley had an adequate state remedy for this alleged deprivation. He has alleged all the elements necessary to prove a false imprisonment claim under Virginia law. See Zayre of Va., Inc. v. Gowdy, 207 Va. 47, 50, 147 S.E.2d 710, 713 (1966) ("False imprisonment is restraint of one's liberty without any sufficient cause therefor"). Presumably, then, he could bring a false imprisonment action against Tinney or a Virginia Tort Claims Act claim against the Commonwealth of Virginia in state court. See Va.Code Sec. 8.01-195.3 (1984 & Supp.1987); Hudson, 468 U.S. at 535 (sovereign immunity does not shield Virginia employee from liability for his intentional acts); cf. Wadhams, 772 F.2d at 78 (Virginia Tort Claims Act and Virginia tort law provided adequate state remedy for confinement of prisoner several days after his release date).
 
 
 7
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.